**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-40976
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CORNEL GOLSTON

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CR-22-4

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Cornel Golston appeals the 178-month sentence imposed following his guilty plea conviction to conspiracy to manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense over 50 grams of cocaine base. Golston argues that the district court erred in refusing to impose a non-guidelines sentence because the sentencing guidelines range resulting from the career offender enhancement was much greater than necessary to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

achieve the goals of 18 U.S.C. § 3553(a). He further argues that the district court should have calculated his base offense level based on a 25:1 crack to powder cocaine ratio rather than on an amended guideline incorporating a 75:1 ratio.

The district court did not commit any errors in calculating the sentencing guidelines range, did not treat the Guidelines as mandatory, specifically stated that it had considered the § 3553(a) factors, and gave an adequate explanation for the sentence it imposed. The district court did not commit any significant procedural errors at sentencing. *See Gall v. United States,* 128 S. Ct. 586, 597 (2007). Regarding the substantive reasonableness of the sentence, the district court considered the arguments of both counsel before determining that a non-guidelines sentence was not warranted. The district court stated that the 178-month sentence was reasonable in light of the nature and circumstances of Golston's offense and his prior criminal history. In this regard, the district court specifically noted Golston's participation in the crack cocaine drug-trafficking conspiracy; the discovery of drugs and drug paraphernalia in his residence, which was within 1,000 feet of a playground; his other drug convictions and offenses involving violent conduct; his history of multi-substance abuse; and the fact that he had committed the instant offense while on parole. The district court concluded that the 178-month sentence would serve as a just punishment and would deter future violations of the law. The record reflects that the district court made an individualized assessment on the facts presented in light of the § 3553(a) factors and imposed a sentence in accordance with those findings. *Id*. at 596-98.

With respect to the crack to powder cocaine ratio, the district court adopted the presentence report, which applied the amended sentencing guidelines ratio of 75:1, and it gave no indication that it believed that it lacked the authority to rely on a different ratio. Golston's sentence, however, was not based on the amount of crack cocaine involved in the offense, but rather on his

status as a career offender, which the district court held was appropriate. The 178-month sentence imposed was, thus, within the properly calculated sentencing guidelines range and is presumptively reasonable. *See United States v. Scroggins*, 485 F.3d 824, 835 (5th Cir. 2007). Golston has not shown that the district court's decision to sentence him within that guidelines range was an abuse of discretion. The sentence is AFFIRMED.